In the
# United States Court of Appeals
## For the Seventh Circuit

No. 13-3846

ESTATE OF EDMUND M. CARMAN, deceased,

*Plaintiff-Appellant*,

*v.*

DANIEL B. TINKES, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:12-CV-348-PRC — **Paul R. Cherry**, *Magistrate Judge*.

ARGUED MAY 27, 2014 — DECIDED AUGUST 7, 2014

Before POSNER, EASTERBROOK, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Edmund Carman died after crashing his car into the back of a commercial pickup truck. His estate brought state negligence claims in federal district court against the truck's driver, the driver's employer, and the truck's owner, invoking the court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). (Carman was a citizen of Indiana, where his estate is pending, while the defendants are citi-

zens of Illinois.) The district court granted summary judg-ment for the defendants. The estate appeals.

We review grants of summary judgment *de novo*. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012). We construe the evidence in the light most favorable to the non-moving party—in this case Carman's estate—and give that party the benefit of genuine conflicts in the evidence and all reasonable, favorable inferences. *Id.* Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record. *Id.* Applying that standard, we agree with the district court that the defendants were entitled to summary judgment.

The undisputed evidence shows that early one morning in April 2011 while it was still dark outside, Carman was in Gary, Indiana, driving west on U.S. 20. He was driving "quickly" and did not have his headlights on. As he approached a red light at the intersection of U.S. 20 and Utah Street, he did not attempt to stop or slow down. He struck the right rear corner of a Ford F-350 pickup truck that was driven by Daniel Tinkes. The truck had its lights on. The damage to Carman's car, a Kia Spectra, was devastating: the entire driver's side of the car was torn off. Carman was killed.

The only disputed evidence concerns what Tinkes's truck was doing at the time of the accident. One witness said in a deposition that the truck was fully stopped and completely in the left turn lane. Another witness said in an affidavit that the truck was still partially in the traffic lane but "was pull-ing into the left turning lane in front of a similar white

truck" that was further back in the lane. Carman's estate relies on the second witness's testimony, so we accept that version for purposes of summary judgment. As will be seen, however, the dispute between the two witnesses' testimony is not material. Even under the estate's version of events, the defendants were entitled to summary judgment.

To succeed on a negligence claim under Indiana law, the plaintiff must prove the standard elements: that the defendant had a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injury. *Yost v. Wabash College*, 3 N.E.3d 509, 515 (Ind. 2014). Carman's estate offers two theories of negligence. The first is that Tinkes was violating traffic laws at the time of the accident, making him *per se* negligent and permitting a jury to find that he was at least partially at fault for Carman's death. The second is that an after-market metal bumper on Tinkes's truck was hazardous and caused the already serious accident to be fatal. Neither theory can survive summary judgment.

The traffic laws that the estate argues Tinkes violated are Ind. Code § 9-21-8-6, which prohibits vehicles from passing others on the right except under certain circumstances, and Ind. Code § 9-21-8-24, which prohibits making unsafe lane changes and turns. The estate contends that at the time of the accident Tinkes was illegally passing on the right a truck that was further back in the left turn lane and also that his entrance into the turn lane constituted an unsafe lane change.

Applying the summary judgment standard to the evidence most favorable to the estate, the district court concluded that a jury could find that Tinkes had illegally passed

the other truck on the right but that a jury could not find that Tinkes's violation caused Carman to crash into his truck from the rear in the lane that Tinkes was leaving. The causation point is exactly right. The "violation of a statute raises no liability for injury to another unless the injury was in some manner the result of such violation." *Conway v. Evans*, 549 N.E.2d 1092, 1095 (Ind. App. 1990); see also *Northern Indiana Transit, Inc. v. Burk*, 89 N.E.2d 905, 909 (Ind. 1950) (breach of statutory duty is "not actionable negligence" if the breach "does not proximately result in injury under the principles of causation"); *Lindsey v. DeGroot*, 898 N.E.2d 1251, 1260 (Ind. App. 2009) (explaining that statutory violation must be cause of injury and noting that "negligence *per se* does not mean that there is liability *per se*"); *City of South Bend v. Rozwarski's Estate*, 404 N.E.2d 19, 22 (Ind. App. 1980) (reversing jury verdict for plaintiff: "It is well settled that even though the negligence charged is a violation of a statute and so would be negligence per se, no liability attaches unless it appears that there was a causal connection between the negligence charged and the injury, and that such negligence was the proximate cause of the injury.").

We agree with the district court that even if Tinkes pulled into the turn lane in violation of a traffic law, that could not have caused Carman to crash into his truck. There is simply no evidence from which a reasonable jury could find that if Tinkes had not started moving into the turn lane, Carman would not have hit him. We disagree with the district court, though, that a reasonable jury could find that Tinkes violated either of the traffic laws cited by the estate. The witness for the estate testified only that he saw Tinkes pulling into the turn lane in front of another truck. The law about passing on the right, Ind. Code § 9-21-8-6, concerns a vehicle

moving to the right of another vehicle to "overtake and pass" it. The record contains no evidence that Tinkes was ever driving behind the other truck and then moved to its right to overtake it.

Similarly, there is no evidence that Tinkes was making an unsafe lane change as prohibited by Ind. Code § 9-21-8-24. Even under the estate's account, Tinkes was just moving into the left turn lane (out of the lane Carman happened to be driving in) as he approached an intersection at which he intended to turn left. The fact that Carman was in the left lane some distance behind him, speeding toward the red light with no indication he was slowing down or about to stop, does not make Tinkes's move from that lane a traffic violation. Even if Tinkes had seen Carman coming from behind (which would have been a feat considering Carman's lack of headlights), he could not be faulted for failing to execute the maneuver quickly enough to avoid being hit from behind.

Regarding its second negligence theory, the estate concedes on appeal that the only relevant evidence in the record establishes that the after-market bumper installed by the truck's owner complied with all regulations. The estate points out correctly that compliance with regulations, though it is "'evidence of due care,'" does not necessarily immunize a party from a negligence claim. *Kramer v. Catholic Charities of Diocese of Fort Wayne-South Bend, Inc.*, 6 N.E.3d 984, 989–90 (Ind. App. 2014), quoting W. Keeton, et al., Prosser and Keeton on Torts § 36 (5th ed. 1984). Still, to avoid summary judgment by reliance on this theory, the estate needed to put evidence in the record from which a reasonable jury could find (a) that the bumper was so hazardous that having it on the truck was a breach of duty despite its

regulatory compliance and (b) that a different bumper would have prevented Carman's death. The estate offered no such evidence.

The judgment of the district court in favor of defendants is AFFIRMED.