In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3075

FIRESTONE FINANCIAL CORP.,

*Plaintiff-Appellee,*

*v.*

JOHN R. MEYER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:13-cv-07241 — **Milton I. Shadur**, *Judge*.

SUBMITTED MAY 15, 2015[*] — DECIDED AUGUST 10, 2015

Before WOOD, *Chief Judge*, and CUDAHY and RIPPLE, *Circuit Judges*.

RIPPLE, *Circuit Judge*. This case arises from a series of loans made by Firestone Financial Corporation ("Firestone")

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2)(C).

to JHM Equipment Leasing Company ("JHM"). After JHM defaulted on the loans, Firestone filed suit against JHM, John R. Meyer (JHM's owner), and two of Mr. Meyer's other companies to collect on the debt. The defendants filed an answer denying the allegations of breach, asserting a counterclaim of promissory estoppel, and raising various affirmative defenses. Relying on Federal Rule of Civil Procedure 12(b)(6), the district court dismissed the defendants' counterclaim as implausible and later awarded summary judgment to Firestone on its claim against Mr. Meyer. Mr. Meyer now appeals both the district court's dismissal of his counterclaim as well as the court's grant of summary judgment to Firestone. For the reasons set forth in this opinion, we reverse both decisions and remand this case for further proceedings.

# I

## BACKGROUND

Firestone is a finance company incorporated under the laws of Massachusetts with its principal place of business in that state. JHM is an Illinois corporation that rents commercial laundry machines to apartment building owners in Chicago and its suburbs. Mr. Meyer owns and operates JHM and two related companies, J H Meyer Enterprises, Inc. ("Meyer Enterprises") and Dolphin Laundry Services, Inc. ("Dolphin"). Mr. Meyer is an Illinois citizen, residing in Hinsdale, Illinois; his three companies are all incorporated in Illinois and have their principal place of business in that state.

Between June 2012 and June 2013, Firestone made four separate loans to JHM, totaling $254,114.99. Each loan was secured by JHM's laundry equipment and guaranteed by Meyer Enterprises, Dolphin, and Mr. Meyer.

Between June and August of 2013, JHM defaulted on each of its four loans. Shortly afterward, Firestone filed this diversity action in the district court against Mr. Meyer and his three companies, alleging claims for breach of contract, breach of guaranty, replevin, and detinue.

The defendants filed an answer, denying the allegations of breach and asserting a counterclaim of promissory estoppel. In this counterclaim, the defendants alleged that in November 2012, after Firestone's first two loans to JHM, Firestone vice president Dan McAllister had represented that his company "wanted to expand [its] investment in the laundry business," and that it "would create a $500,000 line of credit" to fund the defendants' equipment purchases in 2013.[1] This promise, according to the defendants, "induced JHM into purchasing equipment" that it would not otherwise have purchased.[2] Consequently, when Firestone later reneged on this promise, JHM was left unable to pay for its newly purchased equipment. As a result, JHM's equipment supplier (Maytag) refused to sell laundry equipment to any of Mr. Meyer's three companies, resulting in substantial losses to the defendants.

The defendants' answer also raised four affirmative defenses, including that of promissory estoppel and prior

---

[1] R.23 at 23.

[2] *Id.* at 25.

breach of contract. These latter two defenses were based on the same factual allegations as the defendants' counterclaim.

In February 2014, Firestone moved to dismiss the defendants' counterclaim under Rule 12(b)(6). The company submitted that the claim was implausible because it was premised on "the unheard of position that Firestone, a corporation with nearly 50 years in business, [would make] a handshake deal to loan half a million dollars to a start up business to be secured after the fact."[3]

Shortly thereafter, defense counsel withdrew from the case. In the following month, the defendants did not obtain substitute counsel. As a result, Firestone moved for an entry of default judgment against the three corporate defendants, submitting that they were required to have legal counsel under Illinois law. The court granted Firestone's motion and entered default judgment against the three corporate defendants. The court's judgment did not address the defendants' counterclaim.

The district court held a status hearing on the remaining claims in April 2014. The court started the hearing by discussing the defendants' efforts to obtain substitute counsel. Mr. Meyer informed the court that he was working to obtain counsel and that his corporate codefendants would have representation within approximately one week. In response, Firestone asserted that the defendants were taking too long to obtain counsel and that the court should rule on its pending motion to dismiss. Having apparently forgotten about this motion, the court replied, "Well, wait just a minute. Let

---

[3] R.42 at 5.

me get the chambers file. You are right, I have given Mr. Meyer a lot of leeway."[4] After reviewing the motion and hearing argument from Mr. Meyer, the court granted Firestone's motion to dismiss, ruling that the defendants' counterclaim was facially implausible.

Shortly afterward, Firestone moved for summary judgment on its remaining breach of guaranty claim against Mr. Meyer. Regarding Mr. Meyer's promissory estoppel and prior-breach-of-contract defenses, Firestone asserted that, because those defenses were based on the same factual allegations as Mr. Meyer's counterclaim, they were barred by the court's earlier ruling dismissing his counterclaim as implausible. The court later granted Firestone's motion for summary judgment. In doing so, it did not specifically discuss either of the above-referenced affirmative defenses.

Mr. Meyer timely appealed.[5]

## II

## DISCUSSION

Mr. Meyer now challenges both the district court's dismissal of his counterclaim as well as the court's order awarding summary judgment to Firestone. We address these issues in turn.

---

[4] R.106 at 3.

[5] The district court had jurisdiction over this case under 28 U.S.C. § 1332. Our jurisdiction is premised on 28 U.S.C. § 1291.

## A.

Mr. Meyer first submits that the district court erred in dismissing his counterclaim under Rule 12(b)(6). "A motion to dismiss pursuant to [Rule] 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). "We review a district court's dismissal for failure to state a claim *de novo*." *Bruce v. Guernsey*, 777 F.3d 872, 875 (7th Cir. 2015).

## 1.

As a threshold matter, Firestone contends that Mr. Meyer waived his right to appeal this issue by failing to respond to its motion to dismiss in the district court. We cannot accept this view. Although a party generally forfeits an argument or issue not raised in response to a motion to dismiss, "it is well settled that [this] rule does not prevent a party from attacking on appeal the legal theory upon which the district court based its decision." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 927 (7th Cir. 2015) (quoting *Hedge v. Cty. of Tippecanoe*, 890 F.2d 4, 8 (7th Cir. 1989)).[6]

---

[6] *See also Allison v. Ticor Title Ins. Co.*, 979 F.2d 1187, 1194 (7th Cir. 1992) ("While it is true that an argument cannot be raised for the first time on appeal, it is also true that a party may attack the legal theory upon which the district court based its decision."); *United States v. City of Chicago*, 869 F.2d 1033, 1036 (7th Cir. 1989) ("It is folly for [the appellee] to assert that an appeals court on review of a district court judgment cannot consider the merits of each and every theory the district judge relied upon in deciding the case."); *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1306 n.7 (7th Cir. 1988) ("Where the district court's decision was erroneous as a matter of
(continued…)

Although an "appellant may not … raise an issue which was not considered by the court below," this rule does not prevent a party "from urging that the grounds given by the district court for dismissing [his] complaint are wrong." *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 276 n.1 (5th Cir. 1990) (per curiam).

Here, Mr. Meyer does not challenge the district court's decision based on a newly raised argument or on an issue

---

(…continued)

law, we can reverse [its] decision despite the appellant's failure to respond to the motion to dismiss."); *Toney v. Burris*, 829 F.2d 622, 626 (7th Cir. 1987) ("[T]he waiver rule does not apply to the law on which a decision is based."); *Charlton v. United States*, 743 F.2d 557, 561 n.5 (7th Cir. 1984) (per curiam) ("The district court decision was erroneous as a matter of law, and we can reverse the decision despite counsel's failure to respond to the motion to dismiss.").

Firestone submits that our decisions in *Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011), and *County of McHenry v. Insurance Company of the West*, 438 F.3d 813 (7th Cir. 2006), require a finding of waiver any time a nonmoving party fails to respond to a motion to dismiss. Neither of those cases reject, or otherwise dispute, the well-settled principle "that the waiver rule does not prevent a party from attacking on appeal the legal theory upon which the district court based its decision." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 927 (7th Cir. 2015). Rather, those decisions, when read in light of our existing case law, merely stand for the proposition that a party cannot challenge a district court's decision based on an argument or issue not presented to, or considered by, the district court. *See Alioto*, 651 F.3d at 721 (relying on the rule, "[l]ongstanding under our case law[,] … that a person waives an argument by failing to make it before the district court"); *Cty. of McHenry*, 438 F.3d at 819–20 (precluding a plaintiff from asserting "facts and issues that were not raised in its response to [the defendant's] motion to dismiss" or otherwise considered by the district court).

not considered by the district court; rather, he merely submits that the court's reason for dismissing his counterclaim—because its factual allegations were implausible—was wrong. No principle of waiver precludes Mr. Meyer from raising this limited argument on appeal. *See Sidney Hillman Health Ctr. of Rochester*, 782 F.3d at 927; *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1306 n.7 (7th Cir. 1989).

**2.**

We now turn to the merits of Mr. Meyer's appeal. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege 'sufficient factual matter to state a claim to relief that is plausible on its face.'" *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (per curiam) (alterations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, we first accept all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief. *See id.* at 679; *Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 620 (7th Cir. 2012). Allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. As this analysis suggests, the plausibility standard does not allow a court to question or otherwise disregard nonconclusory factual allegations simply because they seem unlikely. *See id.* ("The plausibility standard is not

akin to a 'probability requirement' … .").[7] Rather, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Here, Mr. Meyer's counterclaim alleged (1) that Firestone vice president Dan McAllister had represented that Firestone "wanted to expand [its] investment in the laundry business," and that it "would create a $500,000 line of credit" to fund the defendants' equipment purchases in 2013, and (2) that after "establishment of the line of credit was delayed, McAllister represented to JHM that if JHM purchased the equipment necessary to expand its business, Firestone would finance equipment packages in 2013 on the same terms and conditions as the First and Second Loans."[8] These allegations are neither legal assertions nor conclusory statements reciting the elements of a cause of action. As such, they are entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678.

---

[7] *See also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical. … It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible."); *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (noting that well-pleaded "factual allegations [need not] themselves be plausible" given that "they are assumed to be true").

[8] R.23 at 23, 26.

The district court, however, did not treat these well-pleaded factual allegations as true. Rather, the court determined that it was "implausible to allege that somehow Firestone committed orally to provide a half million dollars unsecured to what was essentially a comparative start-up business."[9] This analysis constitutes an erroneous application of *Twombly* and *Iqbal*. The relevant question under these cases is *not* whether a complaint's factual allegations are true, but rather whether the complaint "contain[s] sufficient factual matter, *accepted as true*, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (emphasis added) (quoting *Twombly*, 550 U.S. at 570).

Once Mr. Meyer's well-pleaded factual allegations are accepted as true, we have no difficulty concluding that they are sufficient to state a plausible claim of promissory estoppel. "To establish [such] a claim, the plaintiff must prove that (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 523–24 (Ill. 2009).

Here, Mr. Meyer alleges that Firestone, through McAllister, told him that it would fund JHM's equipment purchases in 2013 under the same terms as its previous two loans. He asserts that JHM purchased equipment based on this representation and that Firestone knew that JHM would do so based on their earlier course of dealing. Finally, he alleges

---

[9] R.106 at 4.

that Firestone later reneged on this commitment and that, as a result, JHM defaulted on its equipment purchases from Maytag, causing Maytag to blacklist Mr. Meyer's companies. These allegations are enough to state a plausible claim of promissory estoppel. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 566 (7th Cir. 2012) (concluding that a complaint, which "alleged a sufficiently clear promise, evidence of [the plaintiff's] own reliance [on that promise], and an explanation of the injury that resulted[,] … was enough to present a facially plausible claim of promissory estoppel"). The district court, therefore, erred in dismissing Mr. Meyer's counterclaim.

**B.**

Mr. Meyer also challenges the district court's award of summary judgment to Firestone. Specifically, he submits that the "court erred in disregarding [two of his] affirmative defenses because they were based on the same facts as [his] counterclaim, which the district court concluded was implausible."[10] We review a district court's grant of summary judgment de novo. *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

As we noted earlier, Mr. Meyer raised several affirmative defenses in his answer, two of which—a promissory estoppel defense and prior-breach-of-contract defense—were based on the same factual allegations as his counterclaim. In moving for summary judgment, Firestone submitted that

_____

[10] Appellant's Br. 15.

these two defenses were barred by the district court's earlier ruling dismissing Mr. Meyer's counterclaim as implausible. Firestone offered no other ground for rejecting these defenses.

In awarding summary judgment, the district court did not specifically discuss either of these defenses. Rather, at the hearing on Firestone's motion, the court simply stated that none of the arguments "advanced by Mr. Meyer really undercut the entitlement of Firestone to summary judgment" and that the court did not "see any need … to expend time and effort for purposes of knocking out the arguments advanced by Mr. Meyer."[11] Likewise, the court's subsequent judgment order simply stated that the court had "reviewed all memoranda and related documents filed by the parties and [had] orally expressed its conclusion that Meyer [had] not met his burden of proving his affirmative defenses."[12]

These conclusory remarks do not explain clearly why the district court thought that Mr. Meyer's promissory estoppel and prior-breach-of-contract defenses were insufficient to preclude summary judgment. Although both parties appear to agree that the court rejected these defenses for the same reason that it dismissed Mr. Meyer's counterclaim (i.e., because they were premised on implausible factual allegations), nowhere does the court expressly adopt this rationale.

Ordinarily, when faced with an ambiguity such as this, we would remand the case to the district court for clarifica-

---

[11] R.108 at 2–3.

[12] R.90 at 1.

tion of its reasoning pursuant to Circuit Rule 50.[13] *See W. States Ins. Co. v. Wis. Wholesale Tire, Inc.*, 148 F.3d 756, 759–60 (7th Cir. 1998) (per curiam). Here, however, another course is more economical in terms of judicial resources. Firestone's only argument for rejecting these defenses was that they were barred by the court's earlier decision dismissing Mr. Meyer's counterclaim as implausible, and "[w]e have often explained that district courts may not grant summary judgment on grounds not argued by the moving party, at least not without giving notice so that the non-moving party has a full opportunity to present relevant evidence and argument." *Williams v. City of Chicago*, 733 F.3d 749, 755 (7th Cir. 2013). Here, the district court did not give Mr. Meyer any such advance notice. Consequently, the only possible basis for the district court's decision was Firestone's contention that the defenses at issue were barred by the court's earlier dismissal of Mr. Meyer's counterclaim. *See id.* Because, as we have explained earlier, the district court erred in dismissing Mr. Meyer's counterclaim, we must conclude that the court also erred in rejecting Mr. Meyer's promissory estoppel and prior-breach-of-contract defenses on summary judgment.

---

[13] Circuit Rule 50 reads, in relevant part, as follows:

> Whenever a district court resolves any claim or counterclaim on the merits, terminates the litigation in its court (as by remanding or transferring the case, or denying leave to proceed in forma pauperis with or without prejudice), or enters an interlocutory order that may be appealed to the court of appeals, the judge shall give his or her reasons, either orally on the record or by written statement.

**Conclusion**

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED