# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1114

IN RE:

DANIEL HUDSON,

*Petitioner.*

Petition for a Writ of Mandamus to the
United States District Court for the
Central District of Illinois.
No. 2:12-cv-02140-HAB-DGB—**Harold A. Baker**, *Judge*.

SUBMITTED JANUARY 18, 2013—DECIDED MARCH 5, 2013

Before POSNER, RIPPLE, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. Daniel Hudson filed suit in a federal district court in Illinois under the Federal Tort Claims Act, charging that medical personnel at a federal prison in Kansas in which he had been incarcerated had negligently failed to diagnose a blood clot in his leg and that as a result he had experienced serious health problems. The government moved to transfer the case to the federal district court in Kansas pursuant to 28 U.S.C. § 1404(a), on the ground that the principal witnesses are in Kansas, not Illinois, and also that the District of Kansas has a lighter caseload per judge than the Central

District of Illinois. The district court granted the motion. Hudson has petitioned us for mandamus, arguing that the case should remain in Illinois because he lives here, as do his current treating physicians, who he says will testify about his current health problems and also testify that those problems stem from the failure to diagnose his blood clot. Relatives of his in Illinois will also testify to his continuing health problems. According to the plaintiff, seven of the potential witnesses (both plaintiff and defense witnesses) are in Kansas; three are in the adjacent state of Missouri (and two of them are only two miles from the border between the two states); five (three treating physicians plus two relatives) are in Illinois; and two are in California.

The grant of the government's motion to transfer the case was an unappealable interlocutory order, but an unappealable order can in exceptional circumstances be reviewed by a mandamus proceeding. The grant of a motion to transfer is an appealing candidate for such review. See, e.g., *Van Dusen v. Barrack*, 376 U.S. 612, 615 n. 3 (1964); *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (per curiam); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (en banc). As we explained in *Hicks v. Duckworth*, 856 F.2d 934, 935 (7th Cir. 1988), "it is difficult to see how such an error could be corrected otherwise. The district court to which the case was transferred would be most likely to dismiss it, so that [the case] would wander between circuits like the Ancient Mariner" (citation omitted). The dismissal could be appealed, but what if the court of appeals for the circuit

to which the case had been transferred upheld the dismissal?

The doctrine of law of the case provides a possible but incomplete answer. In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the Federal Circuit, ruling that it lacked jurisdiction over a case, had transferred it to this court—and we had transferred it back, insisting that the Federal Circuit was wrong: that it did have jurisdiction. The Federal Circuit was not persuaded, but it felt it had no practical choice but to decide the merits, lest the case continue bouncing between the two circuits. The Supreme Court ruled that the Federal Circuit had been right that it didn't have jurisdiction, and so the Court vacated the Federal Circuit's merits decision. The Court remarked in passing that our court's erroneous jurisdictional ruling had nevertheless been the law of the case. *Id*. at 816. Yet it added that since law of the case, unlike res judicata, is not a rigid bar to revisiting a prior ruling, the Federal Circuit hadn't been compelled to abide by our court's jurisdictional ruling. See *id*. at 817. "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id*. So law of the case is not a complete solution to the problem we discussed in the *Hicks* case (for what would have happened had the Federal Circuit retransferred the *Christianson* case to us?), and so manda-

mus remains a potentially important remedy in transfer cases.

Before the change of venue statute was enacted, 28 U.S.C. § 1404(a), a defendant's only recourse if sued in an inconvenient forum had been the common law doctrine of *forum non conveniens*. And "a defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); see also *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Factor VIII or IX Concentrate Blood Products Litigation*, 484 F.3d 951, 956 (7th Cir. 2007); *In re Volkswagen of America, Inc., supra*, 545 F.3d at 314 n. 10. The reason for the heavy burden is that if the doctrine is successfully invoked, the result is not a transfer to another court but a dismissal, and the plaintiff will not be able to refile his case in any other court if the statute of limitations has run. *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955); *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736-37 (7th Cir. 2010); *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752-53 (7th Cir. 2008). The doctrine is thus "quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out

completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the forum non conveniens doctrine." *Norwood v. Kirkpatrick*, *supra*, 349 U.S. at 31, quoting *All States Freight, Inc. v. Modarelli*, 196 F.2d 1010, 1011 (3d Cir. 1952). And so the change of venue statute has displaced *forum non conveniens* when the question is the superior convenience of litigating a case in one federal district court rather than another.

Not only is the showing of inconvenience necessary to justify a transfer therefore less exacting than the showing required to obtain a dismissal on grounds of *forum non conveniens*, *Norwood v. Kirkpatrick, supra*, 349 U.S. at 31-32; *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 n. 13 (10th Cir. 2010); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 and n. 3 (7th Cir. 1986); *In re Volkswagen of America, Inc.*, *supra*, 545 F.3d at 313-14 and n. 8; but an applicant for mandamus has an uphill fight whatever the basis for the application. Because of the delay that a grant of mandamus engenders and the burden on an appellate court of having to consider whether to grant it, the writ may, in the transfer context as in other contexts, properly be used to rescind a transfer only if the applicant can show that the transfer order is a "violation of a clear and indisputable legal right, or, at the very least, [is] patently erroneous." *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995); see also *Cheney v. U.S. District Court*, 542 U.S. 367, 381 (2004); *In re LimitNone, LLC*, 551 F.3d 572,

575 (7th Cir. 2008); *In re Atlantic Marine Construction Co.*, 701 F.3d 736, 738 (5th Cir. 2012).

Although the question of transfer in this case is a close one, we cannot say that the district judge committed a clear error in holding that the defendants had made the required showing: More than two-thirds of the potential witnesses (12 out of 17) are either in Kansas, just across the border in Missouri, elsewhere in Missouri, or in California, which is closer to Kansas than it is to Illinois. The District of Kansas has as we said a lighter caseload per judge than the Central District of Illinois. Most of the medical records relating to the case are in Kansas. And if trial in Kansas were split in two ("bifurcated")—a liability trial and (if necessary) a damages trial—and the plaintiff lost the liability trial, his witnesses, whose testimony would relate to the extent and persistence of his injuries rather than to the quality of the medical treatment that he received in Kansas, would not testify anywhere. The variety of relevant considerations counsels deference to the district court's ruling. See *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010), and cases cited there.

In our age of advanced electronic communication, including high-quality videoconferencing, changes of venue motivated by concerns with travel inconvenience should be fewer than in the past. Today documents can be scanned and transmitted by email; witnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial. But the plaintiff does not argue against the transfer on the ground that the electronic revolution has erased the

advantages that the Kansas venue would once undoubt-
edly have had under the facts of this case.

PETITION DENIED.