In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2484

ASHOKE DEB,

*Plaintiff-Appellant*,

*v.*

SIRVA, INC., et al.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cv-01245-TWP-DML — **Tanya Walton Pratt**, *Judge*.

ARGUED OCTOBER 29, 2015 — DECIDED AUGUST 11, 2016

Before FLAUM, MANION, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. Ashoke Deb contracted with an Indian moving company, Allied Lemuir, to move his belongings from Calcutta, India to St. John's, Canada, but his belongings never left India. He now seeks to hold the defendants, two United States companies, SIRVA, Inc. and Allied Van Lines, Inc., responsible for the improper disposal and loss of his personal property in connection with his move. SIRVA and Allied moved to dismiss the complaint, arguing that Deb

had failed to state a claim for which the court could grant re-
lief, that he had failed to join a necessary party, and that the
United States federal courts were not the proper venue for his
claim. The district court agreed with the latter argument and
dismissed on the grounds of forum non conveniens. Deb ap-
peals. Because we have determined that the district court did
not hold the defendants to their burden of demonstrating that
India was an available and adequate forum for this litigation,
we vacate and remand the case to the district court to do so.

## I.

Because the defendants, SIRVA and Allied Van Lines,
moved to dismiss, we will construe the facts in the plaintiff's
favor for now, but will discuss the nuances of our assump-
tions below. *Jackson v. Payday Fin.*, LLC, 764 F.3d 765, 773, n.19
(7th Cir. 2014), *cert. denied*, 135 S. Ct. 1894 (2015).

In August, 2009, in preparation for his move from Cal-
cutta, India to his current home in St. John's in the Province
of Newfoundland and Labradour, Canada, Deb, a citizen and
resident of Canada, contracted with an Indian company, Al-
lied Lemuir, to move his personal belongings from Calcutta
to St. John's. Deb's belongings, however, never left India. On
September 5, 2009, Allied Lemuir e-mailed Deb and informed
him that sea freight charges had risen substantially, and con-
sequently, Deb would need to pay an additional amount of
money to have the items shipped. Deb refused to pay the ad-
ditional amount and demanded that Allied Lemuir fulfill its
obligations under the contract as written. At the same time
that Deb was attempting to settle matters with Allied Lemuir
in India, he also contacted the defendants, the United States
companies of SIRVA and Allied Van Lines, in an effort to ob-
tain his personal goods. Furthermore, from December 2010

until May 2011, Deb's Canadian counsel attempted to resolve the issue with an attorney for Allied Van Lines Canada ("Allied Canada").

Allied Lemuir sent Deb a letter dated January 30, 2010, demanding additional charges that had accrued for demurrage, fumigation, renewal of customs clearance, and sea freight. The letter stated that if Deb failed to remit payment within seven days, it would assume he was no longer interested in the shipment. Deb did not respond to the letter directly, but rather relied on his Canadian lawyer to pursue a resolution by other means, including by contacting the defendants in this case and corresponding with them over the course of several months. On August 11, 2010, SIRVA's claim services department responded to Deb's inquiries, stating that they were unable to identify any record of Deb's shipment in SIRVA's system, but stated that if the move was through Allied or North American, the claims service representative would forward the message to the proper party if Deb provided a registration number. According to a letter dated August 26, 2010, which Deb says he did not receive until it was sent to his counsel on April 12, 2013, Allied Lemuir eventually sold Deb's property to pay the additional amounts it had demanded from Deb.

Deb filed a legal action against Allied Canada in the Supreme Court of Newfoundland and Labrador, Canada, in the Trial Division on November 5, 2010. And, a few years later, on July 12, 2013, while the Canadian case was still pending, he filed his complaint in this case in the Indiana State Superior Court against SIRVA and Allied Van Lines, both of which are Delaware corporations with their principal place of business

in Illinois and corporate offices in Indiana.[1] On August 5, 2013, the defendants jointly filed a successful notice of removal in the district court in the southern district of Indiana. Deb seeks to hold SIRVA and Allied Van Lines responsible for the damages from the improper disposal and ultimate loss of his personal property, which he alleges include original works of intellectual property that, together with his other personal belongings, exceed a value of $75,000. His amended complaint alleges that SIRVA and Allied Van Lines are liable to Deb as "joint venturers." (R. 27, pp. 3-4, Page ID 286-287) (Plaintiff's Supp. App. B003-B004).

The district court granted the defendants' motion to dismiss on June 6, 2014, based on the ground of forum non conveniens, noting that both India and Canada offered appropriate alternative forums for the action. Deb appeals.

## II.

## A.

The defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted), 12(b)(7) (failure to join a party), and 12(b)(3) (improper venue). Subsumed within this last category were the common law principles of forum non conveniens and abstention. The district court dismissed the case on the ground of forum non conveniens.

---

[1] The district court stated that SIRVA has its principal place of business in Indiana. *Deb v. SIRVA Inc.*, No. 1:13-CV-01245-TWP, 2014 WL 2573465, at *1 (S.D. Ind. June 6, 2014) (R. 55 at p.2, Page ID 740), but this appears to be incorrect. *See* Declaration of Abigail M. Jones, Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Exhibit 1, ¶ 6.

As the Latin name suggests, the doctrine of forum non conveniens addresses the matter of convenience to the parties. As the Supreme Court explained,

> A federal court has discretion to dismiss a case on the ground of forum non conveniens when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (citing a long line of Supreme Court precedent) (internal citations omitted). Today, the doctrine applies in the federal courts only when the other jurisdiction is a foreign one.[2] Stated more simply, a district court may dismiss a case on forum non conveniens grounds when it determines that there are "strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction." *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 866, *cert. denied*, 135 S. Ct. 2817 (2015) (*citing Sinochem*, 549 U.S. at 429-30). A dismissal for forum non conveniens is "committed to the sound discretion of the trial court" and "may be reversed only

---

[2] The common law doctrine of forum non conveniens has continuing application in federal courts only in cases where the alternative forum is a foreign one. Otherwise, if the issue is one of convenience within the United States federal court system, the Federal Rules of Civil Procedure allow for transfer, rather than dismissal, when a sister federal court is the more convenient forum. *See* 28 U.S.C. §§ 1404(a), 1406(a); *Sinochem*, 549 U.S. 422, 430.

when there has been a clear abuse of discretion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Abad v. Bayer Corp.*, 563 F.3d 663, 665 (7th Cir. 2009).

The doctrine of forum non conveniens, however, is an exceptional one that a court must use sparingly. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 509 (the doctrine should be applied only in "exceptional circumstances," and "rather rare cases.") *See also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) ("The doctrine of forum non conveniens is a drastic exercise of the court's inherent power … . Therefore, we have treated forum non conveniens as an exceptional tool to be employed sparingly.") "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil*, 330 U.S. at 504.

The exceptional nature of a dismissal for forum non conveniens means that a defendant invoking it ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. *Sinochem*, 549 U.S. at 430; *Gulf Oil*, 330 U.S. at 508; *In re Hudson*, 710 F.3d 716, 718 (7th Cir. 2013); *In re Factor VIII or IX Concentrate Blood Products Litigation*, 484 F.3d 951, 956 (7th Cir. 2007). A heavy burden is appropriate, because if the doctrine is successfully invoked, the result is not a transfer to another court but a dismissal, and the plaintiff will not be able to refile his case in any other court if the statute of limitations has run. *In re Hudson*, 710 F.3d at 718.

When a plaintiff's choice is not his home forum, however, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is in such cases "less reasonable." *Sinochem*, 549 U.S. at 430 (*citing Piper Aircraft*, 454 U.S. at 255–56). In *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008), we noted

that "[I]f the plaintiff is suing far from home, it is less reasonable to assume that the forum is a convenient one. … [and T]he risk that the chosen forum really has little connection to the litigation is greater.") (citing *In re Factor VIII or IX Concentrate Blood Products Litigation,* 484 F.3d at 956.) It is true that Deb lives in Newfoundland, Canada and not the United States, but although the citizenship of the plaintiff defending against a forum non conveniens claim is relevant to the issue of convenience, it is not dispositive of the issue. *See, e.g., Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1232 (2d Cir. 1996). As we noted in the blood products litigation, the issue is not so much about the foreign citizenship of the plaintiff, but rather what that foreign nationality might indicate about the convenience to the plaintiff. *In re Factor VIII or IX Concentrate Blood Products Litig.*, 484 F.3d at 956. In other words, when a plaintiff is suing far from home

> the risk that the chosen forum really has little connection to the litigation is greater. We do not understand this as any kind of bias against foreign plaintiffs. That would be inconsistent with many treaties the United States has signed as well as with the general principle that our courts are open to all who seek legitimately to use them. It is instead a practical observation about convenience. A citizen of Texas who decided to sue in the federal court in Alaska might face an equally skeptical court, which might conclude that convenience requires a change in venue under the federal statutory counterpart to forum non conveniens.

*Id.* at 956. Nonetheless, it is undoubtedly true that although Deb is not a citizen or resident of the United States, litigation in Indiana would be far more convenient from a geographical perspective than one in India. And in any case, even if we apply the presumption in favor of Deb with less force, it is still the defendants' burden to oppose the chosen forum.

In short, as we consider whether the district court exerted permissible discretion to dismiss the case on forum non conveniens grounds, we consider whether it properly placed the burden on the defendants to demonstrate that a finding of forum non conveniens was within the realm of appropriate conclusions.

To determine whether a dismissal for forum non conveniens is appropriate, a court first must determine if an alternative and adequate forum is available and then go on to balance the interests of the various participants. We start with the availability of the forum because, "[a[s a practical matter, it makes little sense to broach the subject of forum non conveniens unless an adequate alternative forum is available to hear the case. Therefore, the first step in any forum non conveniens inquiry is to decide whether such a place exists." *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997) (citing *Piper Aircraft*, 454 U.S. at 254 n.22). The availability of the forum is really a two-part inquiry involving availability and adequacy. *In re Factor VIII or IX Concentrate Blood Products Litig.*, 484 F.3d at 957. "An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction. An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." *Id.* (*citing Kamel*, 108 F.3d at 803). Adequacy only comes into play to the

extent that the remedy would be so inadequate that for all intents and purposes the forum is not available. *Piper Aircraft*, 454 U.S. at 255, n.22. A forum is not inadequate merely because the law in the foreign jurisdiction is less favorable to the party opposing dismissal. *Id.* at 247, 250; *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009).

We begin, therefore, by looking to the defendants to see if they have met their burden of establishing that an alternative forum is available and adequate. *Fischer*, 777 F.3d at 867. After demonstrating that India offered an adequate forum, we would go on to balance the interests by focusing on the (1) relative ease of access to sources of proof; (2) availability of compulsory process and costs for attendance of witnesses; (3) possibility of viewing the premises, if appropriate; and (4) other practical issues, including the ease of enforcement of any ultimate judgment. *See Gulf Oil*, 330 U.S. at 508. As we will describe, however, we need not go on to balance the interests, because we conclude that the defendants have failed to show there was an available and adequate forum available elsewhere.

**B.**

The district court concluded that there were "two possible forums that satisfy this requirement" of an alternate available forum—Canada and India. *Deb v. SIRVA Inc.*, No. 1:13-CV-01245-TWP, 2014 WL 2573465, at *3 (S.D. Ind. June 6, 2014) (R. 55 at 5, Page ID 744). We begin first with the analysis of India as an alternate forum. The defendants argued that India was an appropriate forum because the Indian courts could exercise jurisdiction over Allied Lemuir, and "assuming, *arguendo*,

that Deb's joint venture theory is correct, and SIRVA and [Allied Van Lines] were doing business in India as Allied Lemuir, and, therefore, responsible for the joint venture's actions, the Indian courts would be able to exercise jurisdiction over SIRVA and [Allied Van Lines]." Defendants' brief at 19-20.

It is worth stopping for a moment to unpack the defendants' argument further. Recall that Deb contracted with Allied Lemuir to move his belongings. The failed contract was with Allied Lemuir. Deb never sued Allied Lemuir, but instead sued two United States companies, the defendants here, SIRVA and Allied Van Lines. As we just explained, in order for a district court to dismiss this case for forum non conveniens, the defendants have the burden of demonstrating that an alternate forum is available—in other words, that Deb could sue these defendants, SIRVA and Allied Van Lines, in India. And the only way that Deb can sue SIRVA and Allied Van Lines in India is if the defendants had something to do with the wrongdoing that occurred in India—either that they broke the contract and sold the goods (which we know they did not do) or they have some legally sufficient affiliation with Allied Lemuir that would allow the Indian courts to exert jurisdiction over them.

Oddly, in order to support dismissal for forum non conveniens then, the defendants end up trying to thread a small-eyed needle by claiming, on the one hand, that they could be subject to jurisdiction in India, while simultaneously refusing to acknowledge an actual legal affiliation with Allied Lemuir. To do this, the brief on appeal dances around these issues by making naked assertions such as, "the District Court also properly found that the Indian courts would be able to exercise jurisdiction over SIRVA and [Allied Van Lines], even

without their consent," or by trying to connect Allied Lemuir with the defendants without really connecting them:

> Here, as the District Court correctly found, the Indian Courts may exercise jurisdiction over Allied Lemuir as a resident of India that conducted business in India. Further, as the District Court determined, assuming *arguendo*, that Deb's joint venture theory is correct, and that SIRVA and [Allied Van Lines] were doing business in India as Allied Lemuir, and, therefore, responsible for the joint venture's actions, the Indian courts would be able to exercise jurisdiction over SIRVA and [Allied Van Lines] because: (1) Allied Lemuir is an Indian corporation and resident; and (2) SIRVA and [Allied Van Lines] would have been doing business in India and responsible for the joint venture's actions.

Defendants' brief at 16, 19. All of these assertions depend on the notion that SIRVA and Allied Van Lines were somehow connected with Allied Lemuir. But it is the defendant's burden to demonstrate that forum non conveniens is appropriate, and the only evidence to support this contention comes from the bald assertions in the *plaintiff's* compliant that SIRVA and Allied Van Lines were doing business in India as a joint venture with Allied Lemuir.

The plaintiff's assertion, to which the defendants' point to support a dismissal, is that Allied Lemuir is a member of the SIRVA Group and is part of a joint venture with SIRVA and Allied Van Lines. (R. 27, pp. 2-3, Page ID 285-286) (Plaintiff's

Supp. App. B002-B003). To support that assertion, Deb at-
tached to the complaint some marketing materials that Allied
Lemuir posted on the internet boasting of its affiliation with
SIRVA and Allied Van Lines. *Id.* at Ex. C. Of course, at this
point, in the current posture of a motion to dismiss, the de-
fendants' affiliation with SIRVA and Allied Van Lines has
never been questioned, tested or explored. All we have is
some pages printed out from the internet in which a foreign
company with the word "Allied" in its name is asserting in
marketing material that it is reliable because it is affiliated
with two international companies, one of which also has the
name "Allied" in its name. The material has not been authen-
ticated or verified, no court has ever made a determination
about any connection between Allied Lemuir and the defend-
ants in this case, and the defendants have never admitted any
connection to Allied Lemuir. This is so because this case
comes before us on a motion to dismiss in which a court can-
not determine the truth of factual assertions. When consider-
ing a motion to dismiss, the district court ordinarily assumes
the truth of all well-pleaded allegations in the plaintiff's com-
plaint. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir.
2015). But this rule is less absolute when considering a motion
to dismiss under Federal Rule 12(b)(3) than under Rule
12(b)(6). Under Rule 12(b)(3), which allows for dismissal for
improper venue, the district court assumes the truth of the al-
legations in the plaintiff's complaint, *unless* contradicted by
the defendant's affidavits. 5B Charles Alan Wright & Arthur
R. Miller, Federal Practice and Procedure § 1352 (2004). Rule
12(b)(3) is a somewhat unique context of dismissal in that a
court may look beyond the mere allegations of a complaint,

and need not view the allegations of the complaint as the exclusive basis for its decision. *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012).

This Circuit has not had the opportunity to discuss the intricacies of the assumptions a court should make when a defendant contradicts the plaintiff's bald assertion of venue in a motion to dismiss for improper venue under Rule 12(b)(3), but we have before concluded that, when considering a motion to dismiss in general, a court may consider matters outside of the pleadings to resolve factual questions pertaining to jurisdiction, process, or indispensable parties. *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993). Moreover, other circuits to have considered the question agree that it is appropriate for a district court to look outside the complaint, or particularly at a defendant's contradictory statements, when considering a motion to dismiss under Rule 12(b)(3). For example, the Second Circuit has noted:

> If the defendant presents evidence that venue is improper and the plaintiff responds with contrary evidence, "it may be appropriate for the district court to hold a Rule 12(b)(3) motion in abeyance until the district court holds an evidentiary hearing on the disputed facts." *Murphy*, 362 F.3d at 1139. … "Alternatively, the district court may deny the Rule 12(b)(3) motion while granting leave to refile it if further development of the record eliminates any genuine factual issue." *Id.*

*Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012). And the Ninth Circuit has noted that when the outcome of a 12(b)(3) motion might have a "dramatic effect on the

plaintiff's forum choice … no disputed fact should be re-
solved against that party until it has had an opportunity to be
heard." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th
Cir. 2004); *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190,
1192 (10th Cir. 1998) ("Plaintiff contends that in responding to
a motion to dismiss for improper venue, he was entitled to
rely upon the well pled facts of his complaint. This is true,
however, only to the extent that such facts are uncontroverted
by defendant's affidavit."); *Home Ins. Co. v. Thomas Indus., Inc.*,
896 F.2d 1352, 1355 (11th Cir. 1990) ("When a complaint is dis-
missed on the basis of improper venue without an evidentiary
hearing, the plaintiff must present only a prima facie showing
of venue. … Further, [t]he facts as alleged in the complaint are
taken as true to the extent they are uncontroverted by defend-
ants' affidavits.") (internal citations omitted).

Ordinarily these cases speak of the ability of a court to
view evidence of the party moving to dismiss (the defendant)
in order to rebut the allegations of the non-movant's (the
plaintiff's) complaint asserting facts supporting its chosen
venue. This case is unique in that, in an unusual course of
events, the *defendants* cite to the *plaintiff's* bare allegation of a
joint venture in the complaint in order to support their con-
tention that the case should be dismissed under Rule 12(b)(3).
But the general premise is the same. Where one party makes
a bald claim of venue and the other party contradicts it, a dis-
trict court may look beyond the pleadings to determine
whether the chosen venue is appropriate.

It is worth noting that the plaintiff's burden in defending
a motion to dismiss is low. Other than the exceptions dis-
cussed, a court generally accepts the plaintiff's allegations as

true for purposes of the motion to dismiss, as long as the complaint contains sufficient factual allegations to state a claim for relief that is legally sound and plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The defendants' burden in alleging forum non conveniens, however, is heavy. *Sinochem*, 549 U.S. at 430. Defendants must submit evidence of an adequate and alternative forum. Combining the principles we discussed above—that the district court may look beyond the bare allegations of the complaint where the defendants dispute facts related to venue, and that defendants bear the heavy burden of showing an alternate forum—we look to see whether the district court placed the burden on the defendants to demonstrate that an alternate forum was available, and whether the defendants met that burden. We conclude that the district court did not hold the defendants to the burden, nor did the defendants meet it. To the contrary, to the extent the defendants offered any evidence or argument at all, it was evidence that they would not, in fact, be subject to jurisdiction in India.

Much of the language of the Defendants' Memorandum in Support of its Motion to Dismiss argues that they had nothing to do with Allied Lemuir's actions and thus could not be associated with the Indian company. The defendants do not even offer any evidence that they were doing business in India. If, in fact, the defendants had nothing to do with Deb's loss and have no connection to Allied Lamuir, an Indian court would have no business asserting jurisdiction over them. In short, rather than supporting their burden of demonstrating that there is an available and alternative forum in India, they instead offer allegations that they would not be subject to jurisdiction in India. For example, in their briefing below on the motion to dismiss, the defendants state the following:

> Deb's assertion that Defendants had an agency, joint venture, or any other kind of relationship among themselves, with Allied Lemuir, or anyone else that could impute liability on Defendants for breach of contract or conversion is equally unavailing. Deb has failed to offer any evidence of a joint venture or even alleged an association of two or more persons to carry out a single business enterprise for profit.

Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint at 10. (R. 30, p.10, Page ID 414). The memorandum is replete with similar allegations which, if true, would seem to lead to the conclusion that a court in India could not assert jurisdiction over the defendants. For example, the defendants state:

• "While Deb makes much ado about a self-serving, unauthenticated Allied Lemuir document (Amended Complaint Ex. C) purporting to demonstrate that Allied Lemuir was created as a joint venture between Lemuir, [Allied Van Lines] and several other Allied companies, merely calling a relationship a 'joint venture' does not mean that a joint venture exists." *Id.* (internal citation omitted);

• "Deb added allegations in an attempt to bolster his assertion that SIRVA and [Allied Van Lines] are liable to Deb for the acts of Allied Lemuir as 'joint venturers' (which they are not). *Id.* at 2, (R. 30, p.2, Page ID 406);

• "Defendants are Delaware Corporations that are not in privity with Deb, and have never conducted any business with him. Further, Deb has failed to establish any 'joint venture' or agency relationship between or among Defendants

and Allied Lemuir (and in particular, at the time of the shipment) or any reason to believe that Deb had transacted with anyone other than Allied Lemuir to transport his belongings." *Id*.;

• "Defendants have never conducted business or entered into any agreements with Deb … Instead Plaintiff's dealings in transporting his household belongings have been exclusively with Allied Lemuir, *a legally separate entity*." *Id.* at 3, (R. 30, p.3, Page ID 407) (emphasis ours);

• "Defendants are not liable to Deb under common agency principles when Defendants never agreed to act as principal creating any sort of agency relationship between Defendants and Allied Lemuir as to this shipment." *Id.* at 10, (R. 30, p.10, Page ID 414);

• "Defendants cannot be held liable to Deb for Allied Lemuir or anyone else's actions under a joint venture, agency, apparent authority, or any other theory, and Deb's Amended Complaint must be dismissed for his failure to state a claim upon which relief can be granted." *Id.* at 12, (R. 30, p.12, Page ID 416)

• Allied Lemuir, a separate and distinct Indian company, not a party to this lawsuit, arranged with Deb to transport Deb's belongings from India to Canada. *Id.* at 15, (R. 30, p.15, Page ID 419);

• "Even assuming the veracity of these facts (which Defendants dispute) Deb has failed to assert cognizable or viable claims. There was no mistaking that Deb was dealing exclusively with Allied Lemuir for this shipment. Not one docu-

ment memorializing the transaction governing the transportation of Deb's personal belongings mentions SIRVA or AVL." *Id.* at 11, (R. 30, p.11, Page ID 415).

Having spent so much time asserting that they had no relationship with Allied Lemuir, it is no wonder that the defendants were left to make broad conclusory allegations about India as an available forum. In its memorandum in support of the motion to dismiss, under the section labeled "India is an Available Forum" the defendants correctly note that the case law requires that "all parties must be subject to the jurisdiction of the foreign court and amenable to process." *Id.* at 20 (R. 30, p.2, Page ID 424). They then baldly assert that "India meet[s] the requirements of an adequate alternative forum." *Id.* at 20. That is the whole of the defendants' claim that India is an available forum.[3] They do not offer any evidence that they would be subject to jurisdiction in India, but rather simply conclude without reasoning, law, or concessions that India is an adequate alternative. The defendants cannot have it both ways. They cannot vehemently deny any connection with the underlying actions giving rise to this litigation or any connection to Allied Lemuir, and simultaneously assert that the plaintiff could sue them in an Indian court. If there is an

---

[3] In their brief before this court, the defendants argue that Deb only challenged the adequacy of India as a forum but not the availability. It was, however, the defendants' burden to meet in the first instance. *Sinochem*, 549 U.S. at 430. And in any event, Deb explicitly argued below and in his brief on appeal that the "Defendants fail to provide evidence that they are subject to jurisdiction in India." Plaintiff's Brief at 13, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 20 (Plaintiff's Supp. Appendix B060).

independent basis on which an Indian court might assert jurisdiction over the defendants, unconnected to the facts of this case, the defendants have not noted it.

Without any evidence or a concession to the jurisdiction of the Indian courts, whatever the burden defendants had to show an adequate and alternative forum in India, there can be no doubt that the defendants did not meet it. And their appellate brief is no more illuminating. The defendants' argument on the adequacy of India as a forum in this court is simply that "the District Court correctly determined that Canada and India were available alternative forums." Defendants' brief at 11-12. And because the defendants have no evidence, they rely upon a 1978 case from the Second Circuit for the proposition that the district court need "nothing more than a belief" that the Indian courts would be able to exercise jurisdiction. Defendants' brief at 15 (citing *Schertenlieb v. Traum*, 589 F.2d 1156, 1163 (2d Cir. 1978). The defendants deduce this principle from language of the *Schertenlieb* case which states "that a district court should not dismiss unless it justifiably *believes* that the alternative forum will take jurisdiction, if the defendant consents." *Id*. (emphasis ours). In addition to being an almost 40 year old case from a different circuit, the *Schertenlieb* case not only does not help the defendants, it undermines their argument entirely. To begin, the language of the case requires a "justifiable belief"—presumably one supported by evidence. *Id*. We can assume this is so because in *Schertenleib*, the Second Circuit affirmed the lower court's dismissal on forum non conveniens grounds based on three strong factors that demonstrated that an alternate forum was available: first, the court had expert testimony that the defendant could be subject to jurisdiction in the foreign forum if the defendant conceded to jurisdiction there; second, it had

the defendant's actual concession to jurisdiction in the foreign forum; and third, the court also secured the defendant's agreement to waive the statute of limitations should the case need to return to the district court in the United States. *Id.* at 1160, 1166. In this case, on the other hand, the defendants' only argument is that the district court "properly found that the Indian courts would be able to exercise jurisdiction over SIRVA and AVL, even without their consent." Defendants' brief at 16. The defendants do not tell us why that finding was proper, particularly when it was based on the district court's naked belief—without evidence, without expert testimony, and without a concession to jurisdiction. Nothing in the *Schertenleib* case stands for the proposition that a district court's unsupported belief that a defendant would be subject to jurisdiction in a foreign court, without more, is enough to grant a motion to dismiss for forum non conveniens. In fact, the cases clearly refute the idea that a district court's mere belief is enough and instead place in the hands of the defendant the burden (and generally a heavy one) of demonstrating the availability and adequacy of the foreign forum. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 583 n.8 (2013); *Sinochem*, 549 U.S. at 430; *Gulf Oil*, 330 U.S. at 508; *Fischer*, 777 F.3d at 867; *In re Hudson*, 710 F.3d at 718; *In re Factor VIII or IX Concentrate Blood Products Litigation*, 484 F.3d at 956; *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 749–50 (7th Cir. 2008); *In re Ford Motor Co., Bridgestone/Firestone N. Am. Tire, LLC*, 344 F.3d 648, 652 (7th Cir. 2003).

The defendants also argue that the district court was not required to condition the dismissal of Deb's complaint on the defendants' concession to jurisdiction in India. Defendant's brief at 16-17 (citing *Leetsch v. Freedman*, 260 F.3d 1100, 1104 (9th Cir. 2001)). This may be so, but a concession is merely one

form of evidence that a defendant can present to meet her burden of demonstrating that a foreign jurisdiction will be available and adequate. This is precisely what the *Leetsch* court explains: there is no "inflexible test requiring conditional dismissal" but rather, "a district court can be required to impose conditions if there is a justifiable reason to doubt that a party will cooperate with the foreign forum." *Leetsch*, 260 F.3d at 1104. The defendants' many arguments disavowing any connection to Allied Lemuir and the events giving rise to this litigation give this court more than fair pause about whether they will cooperate with the Indian forum. The defendants in this case have not consented to jurisdiction in India and have offered not one shred of evidence that they would be subject to jurisdiction in India.

In contrast to the matter before us, in the cases in which one party successfully moved to dismiss a case for forum non conveniens, that party presented evidence of an available and adequate alternate forum or made a concession that it would accept service and jurisdiction there in order to guarantee availability of the alternate forum. For example, in *Fischer*, the district court had before it a list of the available remedies, plaintiffs' concerns with bringing suit in the foreign forum, and expert testimony from both sides as to whether those concerns were enough to render the forum inadequate. *Fischer*, 777 F.3d at 867. In the blood products litigation, the court heard expert testimony from experienced British lawyers, some of whom supported the plaintiffs and others who supported the drug companies, and eventually accepted the defendants' claim of an available alternative forum, but only after the defendants agreed to accept service in the United Kingdom. *In re Factor VIII or IX Concentrate Blood Products Litig.*, 484 F.3d at 956-57. And in *Kamel*, 108 F.3d at 803, the defendant

expressly consented to Saudi Arabia's jurisdiction and then submitted the affidavit of an expert in Saudi Arabian law to assure the court that Saudi law would recognize the defendant's consent to jurisdiction or have jurisdiction even without consent. *Id.* Once again we note that the defendants here offered no evidence, no experts, and no concession. The district court abused its discretion by finding that the Indian courts "should be able to exercise jurisdiction over the Defendants" without placing the burden on the defendants to demonstrate that this was so. *See Deb*, 2015 WL 2372465, at *3 (R. 55 at 6, Page ID 745).

To the extent that the defendant offers any information in support of its burden, it is the generalized conclusion that in other cases, involving other facts and other parties, courts have determined that India is an adequate forum. Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint at 21 (R. 30, p.21, Page ID 425). The defendants cite cases to argue that India's legal system, like ours, was inherited from the British, and that its remedies for breach of contract and conversion are similar to ours. *Id.* Such generalized information does not meet the burden that the defendants must satisfy to demonstrate that Deb realistically could sue SIRVA and Allied Van Lines in India.

The defendants' newly introduced references to Indian law fail for the same reason. In this court, the defendants have attached documents purporting to be from the Indian Code of Civil Procedure and case law from a jurisdiction in India. These documents are not in the record and were never presented to the district court. A party appealing a Rule 12(b)(6) dismissal may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings,

*Geinosky v. City of Chicago*, 675 F.3d 743, 745, n.1 (7th Cir. 2012), and we assume that the same would be true for a Rule 12(b)(3) dismissal. But SIRVA and Allied are not the parties opposing dismissal here. They had their shot at bearing the burden of demonstrating that the United States was an inconvenient forum. The question we face in this appeal is whether the district court properly dismissed this case under the doctrine of forum non conveniens without holding the defendants to their burden of demonstrating that there was an available and adequate remedy elsewhere. It did not.

Deb argues in his reply brief that the new documents do not even address the power of the Indian courts to exercise personal jurisdiction. We do not know what they do or do not assert. The relevant point is that they were not made part of the record below and have never been authenticated nor subject to an adversarial process in which the parties had an opportunity to argue about their meaning and import.

We can conclude that the district court failed to hold the defendants to any burden—whether heavy or not—of demonstrating that there is an alternate available and adequate forum for this litigation.

## C.

The district court also ostensibly based its forum non conveniens dismissal on the basis that Canada offered a second possible forum. Its only discussion of the matter, however, was to say:

> In this case, there are two possible forums that satisfy this requirement. Mr. Deb has already filed a claim in the Canadian courts arising out of the same course of conduct that gave rise to

> the instant case, and he does not argue that the
> Canadian court forum is somehow improper.

*Deb*, 2014 WL 2573465, at *3 (R. 55, p.5, Page ID 744).

The parties never briefed the issue of the Canadian court as an alternative forum, however. The discussion about Canada in the briefing below centered on whether the United States courts ought to abstain from hearing this matter under the *Colorado River* doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).[4] That doctrine allows courts to conserve judicial resources by abstaining from accepting jurisdiction when there is a parallel proceeding elsewhere. *Id.* It has sometimes been applied when identical concurrent litigation is, as in this case, pending abroad. *See U.S.O. Corp.*, 547 F.3d at 750. Abstention under the *Colorado River* doctrine may only be used in "exceptional" circumstances if it would promote "wise judicial administration." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014).

The determinations under the *Colorado River* doctrine for abstention are not the same as those made when deciding whether a case should be dismissed for forum non conveniens. Our decision in *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498-99 (7th Cir. 2011) provides a concise description of

---

[4] In their Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, the defendants merely state that Canada would also be an appropriate alternate forum for the reasons indicated in their argument about *Colorado River* abstention. But such undeveloped arguments are waived. *Rahn v. Bd. of Trs. of N. Ill. Univ.*, 803 F.3d 285, 295 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 1685 (2016).

the process for determining whether *Colorado River* abstention is appropriate:

> First, the court must determine whether the concurrent state and federal actions are actually parallel. If so, the court must consider second whether exceptional circumstances justify abstention. … Two suits are parallel for *Colorado River* purposes when substantially the same parties are contemporaneously litigating substantially the same issues. Precisely formal symmetry is unnecessary. A court should examine whether the suits involve the same parties, arise out of the same facts, and raise similar factual and legal issues. In essence, the question is whether there is a substantial likelihood that the [foreign] litigation will dispose of all claims presented in the federal case. Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction.

*Id*.

The district court did not engage in a *Colorado River* abstention analysis. Nor did it ever engage in a forum non conveniens analysis about Canada similar to the one we described above for India. Other than its first assertion that Canada was a possible forum, all of its discussion pertained to India as a forum. It is true that Deb sued Allied Canada in a Canadian court, but again, we have no idea whether Allied Canada has any connection to the defendants in this case, let alone whether they are "substantially the same party" (*see Adkins*, 644 F.3d at 498) and the defendants did not offer any evidence that they would be subject to jurisdiction in Canada.

In sum, although it is within a district court's sound discretion to dismiss a suit for forum non conveniens (*Piper Aircraft*, 454 U.S. at 257), it can only do so after placing the burden on the defendant to demonstrate availability and adequacy of an alternative forum. The district court erred by failing to properly place the burden. It may be that after conducting a proper look into the adequacy of the forum along with a balancing of the interests, the court may determine that a dismissal for forum non conveniens is indeed appropriate. Based on the bare claims before the district court, however, such a determination was in error. The defendants may refile their motion in an attempt to meet their burden. For that reason we VACATE the decision of the district court and REMAND for further proceedings consistent with this opinion.