SYKES, Circuit Judge.
. This mandamus petition raises a question of first impression in this circuit: Does ERISA’s venue provision, 29 U.S.C. § 1132(e)(2), preclude enforcement of a forum-selection clause .in an employee-benefits plan? - George Mathias,.- the ■ plan beneficiary and mandamus petitioner here, argues that it does; the Secretary of Labor, as amicus curiae,, supports that interpretation. The respondent health plans argue that § 1132(e)(2) is permissive only and does not invalidate a forum-selection clause contained in plan documents.
Only one circuit has addressed this question. The Sixth Circuit has held that an ERISA plan’s forum-selection clause is enforceable even if it overrides the benefi-ciaras choice of a venue permitted by § 1132(e)(2). Smith v. Aegon Cos. Pension Plan, 769 F.3d 922, 931-34 (6th Cir. 2014), cert. denied, — U.S. -, 136 S.Ct. 791, 193 L.Ed.2d 708 (2016). The court reasoned that because the- statute is phrased in permissive terms—it states that a suit “may be brought” in one of several federal judicial districts—it does not preclude the parties from contractually channeling venue to a particular federal district. Id. at 932. We agree and join the Sixth Circuit in holding that ERISA’s venue provision does not invalidate a forum-selection clause contained in plan documents.
I. Background
This case is in its early stages and the mandamus petition raises a single legal issue, so we can be brief about the factual and procedural background. From 1978 to 1997,- Mathias worked for Caterpillar, Inc., at its plant in York, Pennsylvania. In May 1997 he experienced serious health issues, and the Social Security Administration declared him disabled as of that date. Caterpillar covered his health insurance as an employee on long-term disability, billing him accordingly .for his portion of the premium. In September 2012 Mathias chose to retire retroactively, effective October 1, *729 2009. Caterpillar failed to change Mathias’s status and did not realize its mistake until the middle of 2013. The company then notified Mathias that he owed more than $9,500 in past-due premiums, which Deflected the difference between the rate for a long-term disabled employee and the rate for a retired employee. When Mathias did not pay that amount, Caterpillar terminated his benefits.
Mathias sued Caterpillar and the relevant health plans in federal court in the Eastern District of Pennsylvania.[1] (We’ll refer to the defendants collectively as “Caterpillar.”) The plan documents require suit in federal court in the Central District of Illinois, so Caterpillar moved to transfer the case under 28 U.S.C. § 1404(a). Mathias opposed the motion, arguing that the forum-selection clause is invalid in light of § 1132(e)(2), ERISA’s venue provision. Judge Robreno of the Eastern District of Pennsylvania rejected that argument, relying primarily on the Sixth Circuit’s decision in Smith, which held that forum-selection clauses in ERISA plans are enforceable and not inconsistent with the text of ERISA’s, venue provision ór the purposes of ERISA more generally. 769 F.3d at 931-34. Judge Ro-breno accordingly granted Caterpillar’s motion and transferred the case to the Central District of Illinois.
When the case arrived in the Central District, Mathias moved to transfer it back to Pennsylvania—either to the Eastern or Middle District[2]—again arguing that the plan’.s forum-selection clause is invalid under § 1132(e)(2). Judge Mihm denied the motion.
Mathias petitioned for mandamus relief in this court. He asks us to direct Judge Mihm to transfer the case to the Eastern or Middle District of Pennsylvania. Caterpillar has responded, and Mathias tendered a reply brief with a motion for leave to file it. We now grant that motion and accept the reply brief. In addition, we, invited the Secretary of Labor to file an amicus curiae brief. He-has done so and supports Mathias’s interpretation of § 1132(e)(2). The matter is ready for decision.
II. Analysis
We begin by noting that mandamus is the appropriate procedural method to obtain review of a district court’s decision on a § 1404(a) transfer motion. Without the availability of mandamus relief, the question of proper .venue escapes meaningful-appellate review. In re Hudson, 710 F.3d 716, 717 (7th Cir. 2013); In re Limit-None, LLC, 551 F.3d 572, 575 (7th Cir. 2008) (per curiam); In re Nat’l Presto Indus., Inc., 347 F.3d 662, 663 (7th. Cir. 2003).
Mathias could have asked the Third Circuit for mandamus relief from Judge Ro-breno’s transfer order, but for reasons not clear to us, he waited to seek appellate review until after Judge Mihm denied his motion to send the case back to Pennsylvania. Appellate review would have - been more appropriate in the Third Circuit, where the transferor court sits. See ,15 Charles Alan Wright et al„ Federal Practice and Procedure § 3846 (4th ed. 2016). In considering Mathias’s motion to retransfer, Judge Mihm was bound by law- *730 of-the-case principles that apply to transfer decisions of another district court.
Constrained by those principles, the motion was highly unlikely to succeed. Although a court may revisit a prior decision of its own or a coordinate court, it ordinarily should not do so “in the absence of extraordinary circumstances such as where the initial decision was ‘clearly erroneous and would work a manifest injustice.’ ” Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). “[T]he policies supporting the doctrine [of law of the case] apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation.” Id. at 816, 108 S.Ct. 2166; see also United States v. Wyatt, 672 F.3d 519, 523 (7th Cir. 2012) (“[I]n the usual ease another court should not respond by batting the suit back again.”).
Unsurprisingly then, Mathias’s retrans-fer motion failed. Judge Mihm found no clear defect or manifest injustice in Judge Robreno’s ruling that the plan’s forum-selection clause is valid and enforceable. With no controlling Supreme Court or Seventh Circuit precedent, Judge Mihm quite reasonably deferred to Judge Robreno’s decision, which drew primarily on the Sixth Circuit’s opinion in Smith, the only appellate ruling on this subject. Judge Mihm also looked to a recent decision by a district judge in the Southern District of Illinois collecting district-court decisions on this issue, most of which follow Smith. Feather v. SSM Health Care, 216 F.Supp.3d 934 (S.D. Ill. 2016) (collecting cases).
Like Judge Robreno before him, Judge Mihm rejected Mathias’s argument that § 1132(e)(2) gives plan beneficiaries a statutory right to their choice of venue. He observed that forum-selection clauses are “not inconsistent with the purposes of ERISA generally or its venue statute in particular.” The judge went on to explain that a forum-selection clause like the one at issue here “allows a plaintiff access to federal courts when it provides for venue in a federal court” and “promotes other ERISA policies, including uniformity of administration and reducing costs, which benefit all participants and beneficiaries.”
Our review of Judge Mihm’s order necessarily incorporates the merits of Judge Robreno’s original transfer decision. Alexander v. Erie Ins. Exch., 982 F.2d 1153, 1156 (7th Cir. 1993); see also Posnanski v. Gibney, 421 F.3d 977, 980-81 (9th Cir. 2005); SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 177 (2d Cir. 2000); Hill v. Henderson, 195 F.3d 671, 677 (D.C. Cir. 1999). Law-of-the-case principles do not insulate the question from appellate review. Christianson, 486 U.S. at 817, 108 S.Ct. 2166; Minch v. City of Chicago, 486 F.3d 294, 302 (7th Cir. 2007); McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001). If the district court applied the wrong standard, mandamus relief may be appropriate. Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex., — U.S. -, 134 S.Ct. 568, 575, 187 L.Ed.2d 487 (2013).
As in all mandamus proceedings, however, the party seeking mandamus in the transfer context “has an uphill fight”; the writ may be used to reverse a transfer decision “only if the applicant can show that the transfer order is a ‘violation of a clear and indisputable legal right, or, at the very least, is patently erroneous.’” Hudson, 710 F.3d at 718-19 (quoting In re Rhone-Poulenc Rarer, Inc., 51 F.3d 1293, *731 1295 (7th Cir. 1995) (alteration omitted)); see also In re Balsimo, 68 F.3d 185, 187 (7th Cir. 1995). That steep standard has not been met here.
The transfer statute provides: “For the convenience of parties and witnesses, in the interest of justice, a district court may-transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.” § 1404(a). The Supreme Court has recently reiterated that § 1404(a) is the proper “mechanism for enforcement of forum-selection clauses that point to a particular federal district.” Alt. Marine, 134 S.Ct. at 579. But the § 1404(a) analysis is much narrower in this context:
In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve “the convenience of parties and witnesses” and otherwise promote “the interest of justice.” § 1404(a)
The calculus changes, however, when the parties’ contract contains a valid forum-selection clause, which “represents the parties’ agreement as to the most proper forum.” Stewart [Org., Inc. v. Ricoh Corp., 487 U.S. 22, 81, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ]. The “enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.” Id. at 33, 108 S.Ct. 2239 (Kennedy, J., concurring). For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote “the interest of justice,” “a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.” Id.
Atl. Marine, 134 S.Ct. at 581.
Atlantic Marine clarified that “[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways. First, the plaintiffs choice of forum merits no weight.” Id. Second, and relatedly, “a court evaluating a defendant’s § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties’ private interests.” Id. at 582. The Court explained that a contractual forum-selection clause is an agreed-upon predispute allocation of the plaintiffs “venue privilege” and the parties’ respective private interests. Id. at 581-82. Accordingly, to resolve a transfer motion in this context, “a district court may consider arguments about public-interest factors only.” Id. at 582. And because public-interest factors will “rarely-defeat” a transfer to the contractually chosen forum, “the practical result is that forum-selection clauses should control except in unusual cases.” Id.
Although ERISA plans are a special kind of contract and courts are attentive to the statutory goal of protecting beneficiaries, an ERISA plan is nonetheless a contract. Larson v. United Healthcare Ins. Co., 723 F.3d 905, 911 (7th Cir. 2013) (explaining that a claim for benefits “is governed by a federal common law of contract keyed to the policies codified in ERISA”); Herzberger v. Standard Ins. Co., 205 F.3d 327, 330 (7th Cir. 2000). And the Supreme Court held long ago—well before Atlantic Marine limited the scope of the § 1404(a) analysis in this context—that contractual forum-selection clauses are presumptively valid even in the absence of arm’s-length bargaining. Carnival Cruise *732 Lines, Inc. v. Shute, 499 U.S. 585⅜ 593-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).
What all this means for the present dispute is that the forum-selection clause in the Caterpillar plan is controlling unless ERISA invalidates it. The relevant part of ERISA’s venue provision states:
Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is, administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.
§ 1132(e)(2) (emphasis added). Nothing in this text expressly invalidates forum-selection clauses in employee-benefits plans.
Mathias argues that ERISA’s broad beneficiary-protection, purpose requires us to read this language as conferring on plan beneficiaries a statutory right to choose any of the listed venues without regard to a forum-selection clause contained in the governing plan documents. This beneficiary right of venue choice, the argument goes, maximizes ERISA’s goal of “protect[ing] ... the interests of participants ... by providing ... ready access to the Federal courts.” 29 U.S.C. § 1001(b). With support from the Secretary of Labor, Mathias argues that forum-selection clauses in plan documents are categorically invalid because they deprive plan participants and beneficiaries of the right to select from the menu of ■ venue options offered by § 1132(e)(2).
The Sixth Circuit has carefully considered and rejected this interpretation of ERISA’s venue provision. Smith, 769 F.3d at 931-33. At issue in Smith was a pension plan’s forum-selection clause directing litigation to federal court , in Iowa. Id. at 925. A beneficiary sued in Kentucky instead, arguing that the plan’s forum-selection clause was invalid under § 1132(e)(2). As here, the Secretary of Labor appeared as amicus curiae in support of the beneficiary’s position. The Sixth Circuit rejected that view, noting that the statute is not phrased in rights-granting terms: it states only that when a civil action is brought in federal court, “it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.” § 1132(e)(2) (emphasis added). This “may be brought” phrasing is entirely permissive, and no other statutory language precludes the parties from contractually narrowing the options to one of the venues listed in' the statute. Smith, 769 F.3d at 931-32.
The Sixth Circuit also explained that forum-selection clauses channeling litigation to a particular federal court preserve ready access to federal court, consistent with the general policy expressed in § 1001(b). Id. at 931. Finally, the court observed that plan language limiting litigation to a single federal district promotes uniformity in decisions interpreting the plan, thus reducing administrative costs for plan sponsors and beneficiaries alike.[3] Id. at 931-32.
Though Smith was not unanimous, see id. at 934-36 (Clay, J. dissenting), we find the majority’s reasoning convincing. The Sixth Circuit’s analysis is faithful to the statutory text and’ not inconsistent with the broader statutory policy of maintaining access to federal court. Moreover, the forum-selection clause in the Caterpillar plan funnels litigation to a venue listed in *733 § 1132(e)(2) and so has. simply settled on one of the. various statutory options. See Fry v. Exelon Corp. Cash Balance Pension Plan, 571 F.3d 644, 646 (7th Cir. 2009) (“Employers are entitled to vary by contract those aspects of pension plans ERISA makes variable .... ”)• As the Sixth Circuit explained in Smith, ERISA’s statutory scheme “is built around reliance on the face of written plan documents,” 769 F.3d at 929-30 (quoting US Airways, Inc. v. McCutchen, 569 U.S. 88, 133 S.Ct. 1537, 1548, 185 L.Ed.2d 654 (2013)), and sponsoring employers and plan administrators are given significant leeway in the design of benefits plans.
In support of their position, Mathias and the Secretary direct us to an obscure decision of the Supreme Court: In Boyd v. Grand Trunk Western Railroad Co., 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949) (per curiam), the Court invalidated a contractual forum-selection clause as inconsistent with the Federal Employers’ Liability Act (“FELA”). Boyd involvéd a railroad employee who was injured on the job and twice received advances from his employer while he was recuperating, each time signing a stipulation that any suit regarding the accident would be brought in the county or district where 'the injury occurred. Id. at 263-64, 70 S.Ct.26.
In a brief per curiam opinion, the Court invalidated the stipulated forum clause, noting that the agreements were signed after the employee was injured and limited fora otherwise available under FELA. Id. at 265-66, 70 S.Ct. 26. This limitation, the Court held, violated a provision in FELA voiding “[a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carri'er to exempt itself from any liability created by this Act .’’.Id. at 265, 70 S.Ct. 26.
Boyd is a bit of a relic, but it has not been overruled. Mathias and the Secretaiy urge us to give it controlling force here. We’re not inclined to extend Boyd to modern forum-clause jurisprudence. Boyd was decided in an era of marked judicial suspicion of contractual forum selection. The Court has since adopted “a more hospitable attitude toward forum-selection clauses.” M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Indeed, as Atlantic Marine holds, a contractual choice of forum is now considered controlling “except in unusual cases.” 134 S.Ct. at 582.
More to the point here, Boyd sheds no light on the proper interpretation of ERISA’s venue provision. As we’ve explained, nothing in the text of § 1132(e)(2) precludes the parties from contractually channeling litigation to a particular federal district. Nor is contractual forum selection incompatible with ERISA’s, policy goals more generally. “ERISA represents a ‘careful balancing’ between ensuring fair and prompt enforcement of rights under a plan and .the encouragement of the creation of .such plans.” Fifth Third Bancorp v. Dudenhoeffer, — U.S. -, 134 S.Ct. 2459, 2470, 189 L.Ed.2d 457 (2014) (quoting Conkright v. Frommert, 559 U.S. 506, 517, 130 S.Ct. 1640, 176 L.Ed.2d 469 (2010)); see also Varity Corp. v. Howe, 516 U.S. 489, 497, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (explaining that “courts may have to take account of competing congressional purposes” when examining to what extent ERISA requires departing from common-law trust requirements). As the Sixth Circuit observed in Smith, forum-selection clauses promote uniformity in plan administration and reduce administrative costs and in that sense are consistent with the broader statutory goals of ERISA. 769 F.3d at 931-32.
The forum-selection 'clause in the Caterpillar plan chooses from among the venue options listed in § 1132(e)(2), and nothing *734 in the statute makes that choice invalid. Accordingly, we hold that the plan’s forum-selection clause is enforceable.[4] Mathias’s petition for a writ of mandamus is Denied.

. The company maintains several health plans covering active and retired employees.

. Mathias lives in the Middle District of Pennsylvania. Caterpillar’s York plant, where he worked, is also located there. Caterpillar has dealerships in the Eastern District of Pennsylvania.

. The Sixth Circuit declined to defer to the views of the Secretary of Labor. See Smith v. Aegon Cos. Pension Plan, 769 F.3d 922, 926-29 (6th Cir. 2014), The Secretary has not argued for agency deference in this case.

. The Eighth Circuit recently considered' a very similar petition for a writ of mandamus in which the petitioner argued that a contractual forum-selection clause was invalid under ERISA’s venue provision and sought retrans-fer of the case. In re Clause, No. 16-2607 (8th Cir. Sept. 27, 2016), cert. denied, 84 U.S.L.W. 3344 (U.S. Jan. 17, 2017) (No. 16-641). After consideration of an amicus curiae brief filed by the Secretary of Labor, the Eighth Circuit denied the petition without explanation. Id.